O’Neall, J.
delivered the opinion of the Court.
The only matter in this case which requires an opinion is as to the location of the grants, under which the plaintiffs claim and derive title.
I have marked the draft annexed to the Judge’s report, in the same way that I have the surveyor’s, so that the case may be understood from either. There are only two certain points, which will control the location. The first is the corner A. on the grant to Brunson, on the line A, B, 2 C, D, The second is the station found on the North side of Nasty Branch, marked E. on the line running N. W.
The location from these is I think perfectly plain. Begin at A, and run to the pine station, found at B. which will be either the first or second called for in the plat. I presume, judging from the distance, that it is the second. The distance measured from it will give the terminus of that line; for the swamp of Cane Swamp, represented, on the original, as being around- the corner at the end of the line, is two unsatisfactorily laid down to be regarded as a boundary. The run of the swamp is not at all laid down. There is nothing, which tells us whether the corner was on the margin of the swamp, or whether it Avas deeply embosomed in it. The copy from the Surveyor General’s office has no such repre *122 sentation, nor is there any mention made of it as a boundary jn grant< Under such circumstances, it cannot be regarded as a fixed natural boundary, to which we can go in running a line. It may be, and I presume it is, so from the manner in which the swamp is laid down along the line, that stop at 2, or at C., and still Cane Savannah Swamp would be contiguous to it, and might well be represented by dashes as close to, and possibly touching, the corner with its margin. But there is still another means of trying the location. Begin at E. the station found North of Nasty Branch, and give the plat distance across and beyond the branch, and that will give the corner D, 1. There is not a marked tree on that line; it was an open line, in the original survey. It must of necessity be closed by course and distance; so closing it, it will come to 3 B, 3. The line thence is also an open line ; close it by course and distance, and it will terminate at 2, on the line A. B. 2 C. D., and if that terminus should correspond with the plat distance from the station B., then that would be the true corner, and fix the location. But if the distance should carry that comer to C., or even to D.. the terminus of that line being thus extended and fixed, and the corner 3 B. 3, being fixed on the line D. 1, the result would be the plat would have to be closed from corner to corner, disregarding the course and shape of the plat. Either location which I have suggested differs so widely from that found by the Jury, that a new trial must be granted, which is accordingly ordered.
Richardson, J. and Evans, J. concurred.
Frost, J. concurred in the result,

Motion granted.